# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1989V

KARYN MASON-CHAVEZ,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: October 18, 2023

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 8, 2021, Karyn Mason-Chavez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine administered in her left arm on September 30, 2020. Petition at 1-2; Ex. 1 at 202. Petitioner further alleges that the vaccine was administered in the United States, the residual effects of her injuries continued for more than six months, and she has never received any compensation in the form of an award or settlement for her vaccine related injuries. Petition at ¶¶ 3, 12, 14, 15. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On June 20, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On October 17, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $72,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $72,000.00 (in pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

)
KARYN MASON-CHAVEZ,                          )
                                             )
                    Petitioner,              )
                                             )         No. 21-1989V
v.                                           )         Chief Special Master Corcoran
                                             )         ECF
SECRETARY OF HEALTH AND HUMAN                )
SERVICES,                                    )
                                             )
                    Respondent.              )
                                             )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 8, 2021, Karyn Mason-Chavez ("petitioner") filed a petition for

compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1

to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine

Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of a

Tetanus-Diphtheria ("Td") vaccine she received on September 30, 2018.  Petition at 1.  On June

15, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report

indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA

Table injury, and on June 20, 2023, the Chief Special Master issued a Ruling on Entitlement

finding petitioner is entitled to compensation.  ECF Nos. 22, 24.

## I.     Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded

**$72,000.00** in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

1

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$72,000.00**, in the form of a check payable to Karyn Mason-Chavez.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date:  October 17, 2023

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.